```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JULIE GINART (KIERSEY)                    CIVIL ACTION

VERSUS                                    NO. 06-9175

STATE FARM FIRE AND CASUALTY CO.,         SECTION R (5)
F.J. DENNIS, AND
XYZ INSURANCE CO.


## ORDER AND REASONS

Before the Court is plaintiff's motion to remand the case to Louisiana state court. For the following reasons, the Court DENIES plaintiff's motion.


I.  BACKGROUND

Plaintiff Julie Ginart alleges that Hurricane Katrina damaged her house located at 8709 Livingston Avenue in Chalmette, Louisiana. She contends that at the time of the storm her property was covered by a flood and personal property insurance policy issued by defendant State Farm Fire and Casualty Company and its agent, F.J. Dennis. State Farm is a Write-Your-Own

Program carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129. Ginart further alleges that, after the hurricane, she filed a claim on the Livingston Avenue property, only to discover that her policy "had been transferred" in 2004 to another piece of property she owned located at 2404 Blanchard Drive, leaving the Livingston Avenue property uninsured. Ginart claims that in 2004 before the storm she contacted Dennis's office about procuring a flood insurance policy for the Blanchard Drive property and that she later received written confirmation for such a policy. But she alleges that she never received notice that her policy for the Livingston Avenue property had been cancelled or transferred to the Blanchard Drive property.

On August 28, 2006, Ginart filed suit against State Farm and Dennis in Louisiana state court,[1] claiming that they negligently transferred her flood insurance policy from one property to another and then failed to notify her of the cancellation and transfer. On October 27, 2006, defendants removed this action to federal court. Among other things, they argue that Ginart's claims raise a federal question because they actually entail allegations about the (mis)handling of a policy provided by State

---

[1] Ginart also included fictitious XYZ Insurance Company — Dennis's unnamed liability carrier — in her complaint.

Farm, which is governed by 42 U.S.C § 4072.[2] On May 15, 2007, Ginart filed a motion to remand this matter, arguing that federal jurisdiction does not exist because her claim relates to the procurement of an insurance policy.

## II. LEGAL STANDARD

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Although the Court must remand a case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*,

---

[2] In addition to arguing that Ginart's complaint raises a federal question under 28 U.S.C. § 1331, defendants contend that federal jurisdiction exists under 28 U.S.C. § 1442 because they are fiscal agents of the federal government in this context, as well as under 28 U.S.C. § 1337 because Ginart's complaint arises under a federal statute regulating interstate commerce.

101 F.3d 448, 456 (5th Cir. 1996).

  **B.** **Federal Question Jurisdiction**

  Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S> 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983); *see also Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). That is, the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." *Merrell Dow*, 478 U.S. at 808 (internal quotation omitted). When federal law completely preempts a field of state law, a complaint is recharacterized as stating a federal cause of action. *See id.* (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)).

**III. DISCUSSION**

  **A.** **National Flood Insurance Program**

4

Congress established the national Flood Insurance program through the National Flood Insurance Act of 1968. *See* 42 U.S.C. §§ 4001-4129. Under the NFIP, the Director of the Federal Emergency Management Agency has the authority to use private insurance companies, referred to as Write-Your-Own companies, to help administer the program. The WYO companies directly issue federally underwritten Standard Flood Insurance Policies to the public. *See* 42 U.S.C. §§ 4071-72 (creating federal jurisdiction for claims under the National Flood Insurance Act). No WYO company has any permission to alter, vary, or waive any provision of an SFIP. *See* 44 C.F.R. §§ 61.4(b), 61.13(d). WYO companies defend against claims but FEMA reimburses them for defense costs because WYO companies are fiscal agents of the United States. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. §§ 62.23(g), (i)(6).

**B.   Claims Relating to the Handling of a Flood Policy**

The Fifth Circuit has held that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005). In accordance with that decision, courts in the Eastern District of Louisiana have found that federal question jurisdiction exists when the plaintiff asserts claims relating to her WYO insurer's handling of her SFIP. *See, e.g., Richardson v. Allstate Indemnity Co.*, 2007 WL 779752 (E.D. La. March 9, 2007); *Bourgeois v. Johnson*, 2007 WL 433483, at *2 (E.D. La. Feb. 7,

2007); *Newman v. Allstate Ins. Co.*, 2006 WL 2632116, at *2 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited v. Minor*, 2006 WL 2224753, at *2 (E.D. La. Aug. 2, 2006). But the Fifth Circuit has held that the National Flood Insurance Act does not preempt state law tort claims that arise from policy procurement. *See Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993); *see also Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp.2d 531, 534-36 (E.D. La. 2006); *Cosse v. B.G. Matte*, 2006 WL 1968868, at *2 (E.D. La. July 7, 2006); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, at *3 (E.D. La. Dec. 14, 2004). Therefore, federal jurisdiction over this case depends on whether Ginart's claims articulated in her complaint relate to the administration of her policy or procurement.

In her state court petition, Ginart alleges that when she filed a claim for the Livingston Avenue property she learned that her "flood policy had been transferred" to the Blanchard Drive property.[3] She contends further "she has never received a cancellation notice of flood [insurance] on the Livingston policy" and that she instructed her agent to "purchase a new policy" not merely transfer her policy from one property to another.[4] Whether her policy was cancelled outright without notice or transferred, the result is the same: property that

---

[3] Pl.'s Cmplt., R. Doc. 1-2 at 6.

[4] *Id.* at 7.

Ginart thought was covered by a previously issued flood insurance policy was in fact left bare.

Significantly, Ginart does not claim that defendants failed to procure insurance for either property. She does not allege that the defendants defrauded her, misrepresented the terms of her SFIP, or represented to her that the Livingston Avenue property remained covered — claims that the Fifth Circuit has recognized as relating to procurement and arising under state law. *See Spence*, 996 F.2d at 796.

Ginart essentially argues that State Farm acted negligently in its handling of her flood insurance policy for the Livinston Avenue property because it improperly cancelled it. Her claims do not arise from initial procurement but rather from the administration or handling of an existing policy. Courts in the Eastern District of Louisiana have confronted this question recently and held that the cancellation of an existing policy falls under the category of claims handling. *See, e.g., Bourgeois*, 2007 WL 433483, at *2; *Newman*, 2006 WL 2632116, at *2.

Since Ginart's allegations against her WYO insurer and its agent and arise from the administration of her flood policy, not from the procurement of her policy, the Court concludes that federal question jurisdiction exists over at least some of Ginart's state law tort claims. As such, the court may exercise supplemental jurisdiction over plaintiff's remaining state law

claims in this action because they arise of the same common nucleus of facts as her SFIP claims. *See* 28 U.S.C. § 1367.

### C.  Defendants' Other Grounds for Removal

Since the Court finds that it has federal question jurisdiction, it need does not need to address defendants' alternative theories for the existence of federal jurisdiction over this matter.

### IV. CONCLUSION

For the reasons stated above, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 2nd day of August 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE